Detention Order Pending Trial

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20536-08

v.

JOHNNY MARSHALL

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.   Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX   (1)   The Government moved for detention at the Defendant's first appearance pursuant to:

      XX   18 U.S.C. § 3142(f)(1).

      ___   18 U.S.C. § 3142(f)(2).

___   (2)   A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.   Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

___   (1)   The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

  \_\_    (2)    The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

  \_\_    (3)    A period of less than five years has elapsed since

        \_\_    the date of conviction, **or**

        \_\_    the Defendant's release from prison for the offense described in finding (B)(1).

  \_\_    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**    **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

  XX    for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)[1], **or**

  \_\_    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

  \_\_    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

  \_\_    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

  \_\_    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

  XX    (1)    There is a serious risk that the Defendant will not appear.

  \_\_    (2)    There is a serious risk that the Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

XX    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack cocaine. I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 41 years of age and has resided in various addresses in Missouri, as well as in Memphis, Tennessee. For the past two months, the Defendant has been residing with his father and stepmother in St. Peters Missouri. The Defendant has worked as a stocker in St. Charles, Missouri, and has also worked for a temporary staffing agency, the latter apparently involving a work as a carpenter.

Prior to the work for the staffing agency, the Defendant was self-employed as a contract worker for 10 years in Memphis, Tennessee. The Defendant has a 10th grade education. The Defendant has conceded to having used both cocaine and marijuana, but states his last use was some years in the past.

In 1989, at age 20, the Defendant pled guilty to passing a bad check and was sentenced to five years confinement. Less than a year later the Defendant pled guilty to assault and fugitive from justice. He was sentenced to brief periods of incarceration. Three months later, the Defendant was charged again with passing a bad check. He pled guilty to misdemeanor passing of a bad check, and was sentenced to six months confinement. Two months later, at age 22, Defendant was again charged with a passing a bad check and with possession of narcotics. The Defendant pled guilty to these charges and was sentenced to five years confinement. Counsel for the Defendant proffers that this drug charge in fact involved the possession of drug paraphernalia, which he believes might not be a felony under Missouri law. The Defendant was released from custody in August, 1992 and completed his sentence after completion of probation and parole in November, 1998. Approximately 3 years later, at age 30, the Defendant pled guilty to theft of property $500 or less. Three months later, the Defendant pled guilty to driving while license suspended. Approximately 2 years later, at age 35, the Defendant pled guilty to driving under the influence of intoxicating drugs. He was sentenced to just under 12 months confinement with credit for time served. He was apparently then placed on probation. In February 2007, a bench warrant was issued against the Defendant, apparently relating to traffic offenses. Pretrial Services reports the warrant remains open.

Counsel for the Defendant proffers that while the Defendant does not have extensive family ties to this area, there are nonetheless family members either in Missouri or in Michigan who could take in the Defendant, and in light of his up carpentry skills, he would be

able to a find employment at either location. While it does appear that the Defendant does have job skills, I am compelled to conclude that the Defendant has no meaningful ties to this area within the meaning of the Bail Reform Act. I further conclude that the Defendant has limited ties to either Missouri or Tennessee particularly in light of his unsteady residence, especially in the recent past.

While counsel for the Defendant is correct that his prior criminal history is not as extensive as that of other Defendants seen in this court, at the same time, it appears that the Defendant has not consistently abided by the terms of supervision in cases much less serious than the charges he faces here. In addition, as noted, there is a warrant pending against the Defendant from Tennessee. Moreover, the Government proffers that the Defendant has failed to appear on two occasions for a traffic offense in Michigan, and a warrant was issued. Counsel for the Defendant concedes that a warrant was issued, but proffers that upon learning of the existence of the warrant, he promptly closed the matter. While this may be accurate, Defendant has never before faced the potential for life imprisonment without release, as well as the potential for lengthy incarceration on other charges much more serious than any of his past convictions. In light of his negligible ties to this area, these facts constitute a set of incentives to flee never before faced by Defendant.

Therefore, in light of the Defendant's inconsistent history of abiding by conditions of supervision, and his lack of meaningful ties, particularly to this area, I find that the presumption in favor of detention has not been rebutted on the evidence presented. I further find that even if it had, there are no conditions nor any combination of conditions which would reasonably assure the safety of the community or the Defendant's appearance. Therefore the Government motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                                  s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: December 8, 2009                    United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and James Piazza, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: December 8, 2009        By    s/*Jean L. Broucek*
                                            Case Manager to Magistrate Judge Binder