UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 09-20536-8-BC
                                              Honorable Thomas L. Ludington

v.

D-8 JOHNNY MARSHALL,

        Defendant.
_____/

**ORDER SETTING DEFENDANT'S MOTION FOR WITHDRAWAL OF COUNSEL FOR HEARING AND DIRECTING DEFENDANT'S COUNSEL TO DISCUSS THE LIMITS OF HIS RIGHT TO APPOINTED COUNSEL AT GOVERNMENT EXPENSE AND THE POTENTIAL CONSEQUENCES OF THE MOTION TO WITHDRAW**

On December 16, 2009, Defendant Johnny Marshall and fourteen co-defendants were charged with several counts arising from an alleged conspiracy to distribute more than 50 grams of cocaine base and 500 grams of cocaine in violation of 21 U.S.C. §§ 846 & 841(a)(1). The second superseding indictment [Dkt. # 182], filed on August 5, 2010, includes many of the same charges and adds ten additional defendants. Attorney James Piazza was appointed by Magistrate Judge Charles E. Binder to represent Defendant. On November 4, 2010, Mr. Piazza filed a motion to withdraw as counsel, contending that "a breakdown in the Attorney/Client relationship" has rendered Mr. Piazza' representation ineffective. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985).

The Sixth Amendment guarantees most indigent criminal defendants who have been charged with a felony the right to appointed counsel at government expense. *See Gideon v. Wainwright*, 372 U.S. 335 (1963); *see also* 18 U.S.C. § 3006A (providing procedures for appointment of counsel). The right to appointed counsel, however, has several important limitations. Although a criminal

defendant who hires, and pays for, his own attorney has the right to select that attorney, *Powell v. Alabama*, 287 U.S. 45, 53 (1932), and any defendant, regardless of his financial resources, may choose to represent himself, a criminal defendant who relies on the government to pay for his attorney is obligated to cooperate with the attorney that the court selects, *see Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989) ("[I]mpecunious defendants [do not] have a Sixth Amendment right to choose their counsel."); *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A] defendant may not insist on representation by an attorney he cannot afford."). Accordingly, an indigent criminal defendant does not have the right to end his relationship with his appointed counsel unless he has located the funds to select and pay for his own counsel, elected to represent himself, or established good cause for appointment of a different attorney at government expense. *See United States v. Vasquez*, 560 F.3d 461, 466–67 (6th Cir. 2009).

"A defendant seeking a substitution of [appointed] counsel must 'bring a serious dissatisfaction with counsel to the attention of the district court.' " *Id.* (citing *Benitez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008)). At that time, the trial court is obligated to "conduct an inquiry into the defendant's complaint to determine whether there is good cause for substitution of counsel." *Id.* The inquiry depends on (1) the timeliness of the motion for substitution of counsel, (2) the extent of the conflict between the attorney and the client, and (3) the balancing of these factors with the public's interest in the prompt and efficient administration of justice. *Id.* (quoting *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)).

Here, Defendant has arguably met his initial burden of setting forth a "serious dissatisfaction" with his appointed counsel. Defendant has indicated that he believes his counsel is "not working hard enough" and that he is representing Defendant "only for the money." However, Defendant's apparent dissatisfaction must be weighed against the timeliness of the motion—nearly a year has passed since Mr. Piazza was appointed—and the public's interest in the efficient administration of justice. There is a great deal of evidence in this case, and it is likely that Mr. Piazza has already expended a substantial amount of his time, and the government's money, on his representation of Defendant. Mr. Piazza will be permitted to withdraw, and a new attorney will be appointed at government expense, only if the breakdown in the relationship between Defendant and Mr. Piazza is "so great that it [has] resulted in a total lack of communication preventing an adequate defense," and that Defendant's assertion that Mr. Piazza is not working hard enough is both true and good cause for relieving him of representing Defendant. *Mack*, 258 F.3d at 556; *see also Strickland v. Washington*, 466 U.S. 668 (1984) (establishing the constitutional standard for effective assistance of counsel).

Accordingly, it is **ORDERED** that a hearing on Defendant's motion for withdrawal of counsel [Dkt. # 296] will be held on **December 21, 2010 at 3:00 p.m.**

It is further **ORDERED** that Defendant's counsel is **DIRECTED** to meet with Defendant in person at least ten days before the hearing, and to explain to Defendant the limits of his constitutional right to appointed counsel and the potential ramifications of his decision to terminate his current appointed counsel.

It is further **ORDERED** that on or before **December 14, 2010**, Defendant's counsel shall provide written notice to the Court verifying that the required meeting has occurred and that

3

Defendant intends to pursue his motion for withdrawal of counsel.

It is further **ORDERED** that Defendant's counsel is **DIRECTED** to provide Defendant with a copy of this order.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: November 12, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 12, 2010.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS